# United States District Court
# Northern District of Indiana

| | |
|---|---|
| DAVID W. NAIL, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No.  3:08-CV-234 JVB |
| v. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

David W. Nail, a *pro se* prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 attempting to challenge his eight year sentence for stalking imposed in November 2005 by the Allen Superior Court in cause number 02D04-0508-FC-159.

Habeas Corpus petitions are subject to a one year statute of limitations.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

None of the four grounds raised by Nail is based on a newly recognized constitutional right or newly discovered evidence. Nail does not say that he was physically prevented from filing a

habeas corpus petition and the record demonstrates that he sent a number of filings to the state courts. Thus there is no basis for finding that Nail was physically prevented from filing a habeas corpus petition before he filed this one. Therefore, subparagraphs (B), (C), and (D) are not applicable to the facts of this case, and, pursuant to 28 U.S.C. § 2244(d)(1), the 1-year clock started when the time expired for pursuing his direct appeal. In this case, Nail appealed to the Court of Appeals of Indiana, but he did not file a petition to transfer to the Supreme Court of Indiana. (Petition at ¶ 9, DE 1 at 2.) Nail states that the Court of Appeals of Indiana denied his appeal in September 2006. The online public docket of the Indiana Clerk of Courts shows that his conviction was affirmed on September 19, 2006, in *Nail v. State*, 02A03-0602-CR-00051 (Ind. Ct. App. filed December 22, 2005).[1] [2] Therefore the one year clock began running when his time for filing a petition for transfer expired thirty days after the Court of Appeals of Indiana affirmed his conviction and sentence. *See* Ind. R. App. P. 57(C)(2). Thus the one year limitation period began October 19, 2006, and it expired on October 19, 2007, unless it was tolled by a properly filed application for State post-conviction relief.

Nail's petition states that he tried to file a single State court proceeding before the one-year period of limitation expired. Nail attempted to file a post-conviction relief petition in the Allen Superior Court, but it was stricken because it was not properly filed. *Nail v. State*, 02D04-0508-FC-159, (Allen Sup. Ct. October 27, 2007), DE 1-7. Because it was improperly filed, the one-year period of limitation was not tolled. *Cf. Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he

---

[1] http://hats.courts.state.in.us/ISC3RUS/ISC2menu.jsp

[2] Though Nail identifies his appellate docket number as 02A05-0505-CR-251, that case is not his. That cause number is for a criminal appeal by Edward C. Cook that was affirmed on January 31, 2006.

2

is not entitled to statutory tolling under § 2244(d)(2).") and *Powell v. Davis*, 415 F.3d 722, 726–27 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2).") Though Nail states that he filed an unsuccessful original action in the Indiana Supreme Court on November 14, 2007, by then the one-year period of limitation had already expired. This habeas corpus petition was not signed until May 12, 2008, more than six months after the deadline for filing had passed. Because this petition is untimely, it must be dismissed. *See* Section 2254 Habeas Corpus Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

For the foregoing reasons, the habeas corpus petition is **DISMISSED** as untimely.

**SO ORDERED** on May 28, 2008.

  s/Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United State District Judge
Hammond Division